## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS HOFFBERG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-5063 |
| | ) | |
| | ) | Jury Demanded |
| **ELLIOTT AUTO SUPPLY CO., INC.,** | ) | |
| a Minnesota corporation, d/b/a | ) | |
| **FACTORY MOTOR PARTS**, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR AGE DISCRIMINATION AND RETALIATION

Plaintiff, Dennis Hoffberg ("Plaintiff"), by his undersigned attorneys, complains of Defendant, Elliott Auto Supply Co., Inc., a Minnesota corporation, d/b/a Factory Motor Parts ("Defendant"), as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims herein is pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 – 634, and is invoked pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. §§ 216(b), 626(b) and (c).

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as Defendant is conducting business in this judicial district, the alleged unlawful employment practices were committed within this judicial district, and Plaintiff resides in this judicial district.

## PARTIES

3. Plaintiff is 71 years of age, having been born on August 23, 1950, and at all relevant times, from or about April 18, 2016 until his abrupt termination on or about April 3, 2020, worked in various senior sales roles at Defendant's McCook, Illinois facility.

4. Defendant is a Minnesota corporation providing original equipment and name brand automotive parts to independent automotive service centers, dealerships, fleets, and wholesale customers across the nation.

5. At all relevant times, Defendant has employed twenty or more persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## PROCEDURAL REQUIREMENTS

6. On or about August 7, 2020, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which filing was within 300 days after the alleged unlawful employment practices occurred. This action has been commenced more than 60 days from said EEOC filing - per the ADEA, 29 U.S.C. § 626(d).

## SALIENT FACTS

7. During the course of his employment with Defendant, Plaintiff complied with all requests made upon him and fulfilled his job duties in a satisfactory manner.

8. On or about January 15, 2020, Ron Turner ("Turner"), Defendant's Regional Senior Director, questioned Plaintiff (then age 69) as to how much longer he was planning to work at Defendant and about his "retirement" plans.

9. Plaintiff objected to Turner's remarks - as such could be viewed as discriminatory – and told Turner that he intended to contact Defendant's Human Resources Department about same.

10. Turner then became visibly angry with Plaintiff and attempted to justify his remarks by his claiming that his age-related remarks and inquiries were only prohibited if made during the "hiring process."

11. Turner also made other improper age-based remarks – including his preference for younger sales people – and informed Plaintiff that things were "changing" at Defendant.

12. On or about March 9, 2020, in retaliation for Plaintiff's objections alleged above, Turner issued Plaintiff a written job warning containing false accusations of poor job performance and customer service.

13. Thereafter, on April 3, 2020, Turner informed Plaintiff that he was being terminated immediately.

## COUNT I
### (Discrimination in Violation of ADEA)

1. Plaintiff adopts paragraphs 1 - 13 above as paragraph 1 of Count I.

2. Defendant's discrimination and discharge of Plaintiff, as alleged, was because of his age and violated the ADEA which prohibits discrimination against any covered employee age 40 or over.

3. As a direct and proximate result of said discrimination, Plaintiff has suffered damages, including lost compensation and benefits of employment, career loss, incurred legal fees and costs of litigation, and has sustained other damages.

4. The aforesaid conduct by Defendant was in willful violation of the ADEA and warrants the imposition of liquidated damages.

## Relief Sought

**WHEREFORE**, Plaintiff, Dennis Hoffberg, prays that this Court grant the following relief:

A.    Order Defendant to make Plaintiff whole by reinstating him into his former position, or the equivalent of such position, or, alternatively, award him adequate front pay.

B.    Order Defendant to make Plaintiff whole by providing damages, including appropriate lost back pay, compensation and other benefits and expenses since his termination, in an amount to be shown at trial.

C.    Grant judgment in favor of Plaintiff and against Defendant for statutory liquidated damages pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b), due to Defendant's willful conduct.

D.    Award Plaintiff his costs of litigation, including witness fees and reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b).

E.    Grant Plaintiff such further and additional relief as the Court deems proper.

## COUNT II
### (Retaliation in Violation of ADEA)

1.  Plaintiff adopts paragraph 1 above as paragraph 1 of Count II.

2.  At all relevant times, Plaintiff engaged in legally protected activity by objecting and complaining to Turner about what he reasonably believed were discriminatory remarks and treatment because of his age.

3.  Plaintiff was retaliated against and terminated by Defendant because of his legally protected activity, as alleged above.

4.  As a direct and proximate result of said retaliation and termination, Plaintiff has suffered damages, including lost compensation and benefits of employment, career loss, incurred legal fees and costs of litigation, and has suffered other damages.

5.   The aforesaid conduct by Defendant was in willful violation of the ADEA, and warrants compensatory and punitive damages for retaliation as authorized by 29 U.S.C. § 216(b).

## **Relief Sought**

**WHEREFORE**, Plaintiff, Dennis Hoffberg, prays that this Court grant the following relief:

A.   Order Defendant to make Plaintiff whole by reinstating him into his former position, or the equivalent of such position, or, alternatively, award him adequate front pay.

B.   Order Defendant to make Plaintiff whole, including appropriate lost back pay, compensation and other benefits, since his termination, in an amount to be shown at trial.

C.   Grant judgment in favor of Plaintiff and against Defendant for statutory liquidated damages pursuant to 29 U.S.C. § 626(b), as well as for compensatory, punitive and any other damages as authorized by 29 U.S.C. § 216(b).

D.   Award Plaintiff his costs of litigation, including witness fees and reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b).

E.   Grant Plaintiff such further and additional relief as the Court deems proper.

### **Plaintiff requests a jury trial of this action.**

**Date:**  September 24, 2021

**Plaintiff, Dennis Hoffberg**

By: s/Randall B. Gold

Randall B. Gold (Bar No. 6190918)
FOX & FOX, S.C.
111 E. Upper Wacker Drive
Suite 2600
Chicago, IL 60601
rgoldlaw@aol.com
608-258-9588

Renee F. Kessel (Bar No. 1453440)
55 W. Delaware Pl., Ste.603
Chicago, IL 60610
renee.kessel@gmail.com
312-608- 8181